## W. B. FULMER v. STATE.

No. A-1522.    Opinion Filed January 18, 1913.

(128 Pac. 1103.)

**APPEAL AND ERROR—Review—Questions of Fact.** Where the verdict of the jury has been approved by the trial court, and there is evidence in the record to sustain the verdict, or where the evidence is conflicting, the judgment will be affirmed in the absence of prejudicial error.

(Syllabus by the Court.)

*Appeal from Choctaw County Court;*
*W. T. Glenn, Judge.*

W. B. Fulmer was convicted of violating the prohibitory law, and appeals. Affirmed.

A. M. Works, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

DOYLE, J. The plaintiff in error was convicted in the county court of Choctaw county on an information which charged him with the unlawful sale of whisky to one Osborne Battiest, and was on the 13th day of September, 1911, sentenced in accordance with the verdict of the jury to be confined for 60 days in the county jail and to pay a fine of $200. From this judgment an appeal was properly perfected.

We have carefully examined the record, and our conclusion is that there is no merit in the assignments of error. The court fully and fairly stated the law of the case in the instructions given to the jury. The only assignment of error argued in the brief is that the verdict of the jury and the judgment of the court are not supported by sufficient evidence. The state's witness Osborne Battiest testified that he paid the defendant a dollar and took a pint of whisky out of a coat hanging on the wall in the poolroom, where the defendant worked. On the part of the defense one or two witnesses testified that they saw Battiest take the bottle of whisky from the coat. The defendant, testifying on his own behalf, stated that he at the time had no connection with the pool hall; that he had been out of it several weeks; that at the time in question he saw Battiest and another Indian come into the pool hall while he was standing there as a bystander; that he did not own the coat and did not sell any liquor or receive any money from Osborne Battiest. Where the evidence is conflicting, and there is evidence in the record to support the verdict, and the verdict has been approved by the trial court, this court will not review the evidence to determine its weight or sufficiency. The jury had the witnesses before them and could see their manner of testifying, and they, no doubt, in determining the truth took into consideration all the attending circumstances of the case.

It is also assigned as error that the punishment was excessive. There is no merit in this assignment. There is nothing

to indicate that the jury acted under the influence of passion and prejudice.

Finding no error in the record, the judgment of the county court of Choctaw county is affirmed, and the cause remanded thereto, with direction to enforce its judgment and sentence therein.

ARMSTRONG, P. J., and FURMAN, J., concur.